UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LOUIS CRYER,<br>Petitioner | CIVIL ACTION NO. 1:19-CV-207-P |
| VERSUS | JUDGE DEE D. DRELL |
| BUREAU OF PRISONS, ET AL,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by *pro se* Petitioner Louis Cryer (#06411-095) ("Cryer"). Cryer is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Institution in Pollock, Louisiana. Cryer challenges the calculation of his sentence by the BOP.

Because Cryer has failed to comply with the Court's Order (Doc. 6) to again amend his Petition, the Petition and Amended Petition (Docs. 1, 5) should be DISMISSED WITHOUT PREJUDICE.

I. Background

Cryer was convicted of possession of a firearm by a convicted felon, and he was sentenced to 26 months of imprisonment. (3:13-cr-028, M.D. La., Doc. 49). Cryer claims he did not receive sentencing credit for time spent in federal custody. (Docs. 1, 5).

## II. Law and Analysis

A district court may dismiss an action for a plaintiff's failure to prosecute or to comply with any order. Fed. R. Civ. P. 41(b). A court possesses the inherent authority to dismiss the action sua sponte, without a motion by a defendant. See Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Id. at 629-30.

Cryer was ordered to amend his Petition, for a second time, to show exhaustion of administrative remedies, and to provide copies of the responses received at each level of the administrative review process. Absent this ordered amendment, Cryer's pleadings plainly fail to establish exhaustion, a dispositive issue. The Court's instructions to amend were extensive and clear.

Cryer's amended petition was due by May 6, 2019. (Doc. 6). More than one month has passed since the deadline, and Cryer has failed to comply. Therefore, Cryer's Petitions (Docs. 1, 5) should be DISMISSED WITHOUT PREJUDICE.

## III. Conclusion

Because Cryer has failed to comply with the Court's Order (Doc. 6) to again amend his Petition, IT IS RECOMMENDED that the Petition and Amended Petition (Doc. 1, 5) be DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(b) of the Federal Rules of Civil Procedure

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of

this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __2nd__ day of July, 2019.

_____
Joseph H. L. Perez-Montes
United States Magistrate Judge